**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**at Memphis**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **ALPHA WOLF LEASING, LLC,** | ) | **Case No. 25-24265** |
| | ) | **Chapter 11** |
| Debtor. | ) | **Judge Hagan** |
| | ) | |
| **PACCAR Financial Corp.** | ) | |
| | ) | |
| Movant, | ) | |
| **v.** | ) | |
| | ) | |
| **ALPHA WOLF LEASING, LLC,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

<u>**MOTION BY PACCAR FINANCIAL CORP.**</u>
<u>**FOR RELIEF FROM THE AUTOMATIC STAY**</u>
<u>**OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**</u>

PACCAR Financial Corp. ("PACCAR"), a secured creditor, by and through its counsel, moves this Court to grant it relief from the automatic stay or, in the alternative, for adequate protection of its interests in its collateral. In support of this Motion, PACCAR states as follows:

1.      This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.      On August 22, 2025, the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

3.      On August 28, 2024, the Debtor entered into a Security Agreement Retail Installment Contract (the "Contract") with PACCAR, whereby the Debtor granted PACCAR a purchase money security interest in five 2025 Kenworth T680 Tractors (the "Collateral").

1

4.      On September 2, 2025, PACCAR filed its proof of claim in the amount of $960,454.89, attaching the Contract as well as the certificates of title to the Collateral, evidencing the perfection of the liens held by PACCAR. A true and correct copy of this proof of claim is attached hereto as **Exhibit A** and incorporated herein.

5.      Under the terms of the Contract, the Debtor was obligated to make 60 monthly payments of $19,582.34 commencing October 28, 2024. The Debtor was unable to make the payments as required, was only able to make sporadic payments, and is presently due for all payments due on and after April 28, 2025.

6.      Since the Petition Date, the Debtor has made no payments to PACCAR on any of these claims. Indeed, the last payment of any kind by the Debtor to PACCAR was a partial payment on May 19, 2025.

7.      The Debtor is unable to adequately protect the interest of PACCAR in the Collateral. The Debtor is not generating sufficient revenue from operations to either adequately protect PACCAR's interest in the Collateral pre-confirmation or to pay PACCAR the value of its Collateral over time. According to the Debtor's statements and schedules, since the Debtor ceased all payments to PACCAR three months before filing its petition, the Debtor has failed to build up any meaningful cash reserve.

8.      The Collateral is not necessary to an effective reorganization of the Debtor. Upon information and belief, the Debtor is not able to fund an effective reorganization and relies on income payments from affiliates who are not themselves generating sufficient revenue to fund an effective reorganization. Further, the Debtor totaled one of the five Kenworth tractors securing the claim of PACCAR, and PACCAR is awaiting payment from the insurance company for this total loss.

4922-1118-4742, v. 1

9.    The Debtor is so burdened by debt that he is incapable of effectuating a reorganization.

**WHEREFORE**, PACCAR Financial Corp. respectfully requests that it be granted relief from the automatic stay provisions of 11 U.S.C. Section 362 with respect to the Collateral; that, in the alternative, PACCAR be awarded adequate protection of its interests in the Collateral; that the provisions of Fed. R. Bankr. P. 4001(a)(3) be waived, so as to allow PACCAR to immediately enforce any order entered granting it relief from stay pursuant to applicable non-bankruptcy law; and that the Court grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

*s/ Joseph R. Prochaska*
Joseph R. Prochaska (12760)
Reno & Cavanaugh, PLLC
424 Church Street, Suite 2910
Nashville, TN  37219
Telephone:  (629) 255-0208
Email:  jprochaska@renocavanaugh.com

Attorneys for PACCAR Financial Corp.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Motion for Relief from Stay Or, in the Alternative, for Adequate Protection has been served upon all parties listed on the mailing matric and all parties requesting notice via the court's electronic filing system (or via US Mail, as indicated) this the 12th day of September, 2025.

*/s/ Joseph R. Prochaska*
Joseph R. Prochaska

4922-1118-4742, v. 1

**Fill in this information to identify the case:**

Debtor 1 ___Alpha Wolf Leasing, LLC___

Debtor 2
(Spouse, if filing) _____

United States Bankruptcy Court for the: ___Western District of Tennessee___

Case number ___25-24265___

---

## Official Form 410

# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

___PACCAR Financial Corp.___
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

PACCAR Financial Corp.
Attn: Linda Markle, BK Specialist
P.O. Box 1518
Bellevue, WA  98009-1518

Contact phone ___425-468-7110___

Contact email ___linda.markle@paccar.com___

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

Where should payments to the creditor be sent? (if different)

Name _____

Number      Street _____

City                    State              ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / ___
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---



**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

7. **How much is the claim?**    $ _____960454.89_____ . **Does this amount include interest or other charges?**
   - ☐ No
   - ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   <u>Security Agreement for five (5) 2025 Kenworth T680 trucks</u>

9. **Is all or part of the claim secured?**
   - ☐ No
   - ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   - ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   - ☑ Motor vehicle
   - ☐ Other. Describe: _____

   **Basis for perfection:**    <u>Certificates of Title</u>
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**    $ __960454.89__
   **Amount of the claim that is secured:**    $ __960454.89__

   **Amount of the claim that is unsecured:** $ _____0.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $ __78329.36__

   **Annual Interest Rate** (when case was filed) __8.39__ %
   - ☑ Fixed
   - ☐ Variable

10. **Is this claim based on a lease?**
    - ☑ No
    - ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**
    - ☑ No
    - ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

Amount entitled to priority

$ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_____) that applies.

$ _____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/02/2025
                    MM / DD / YYYY

Signature:    /s/ Linda Markle

Print the name of the person who is completing and signing this claim:

Name        Linda                                   Markle
            First name          Middle name         Last name

Title       Bankruptcy Specialist

Company     PACCAR Financial Corp.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     P.O. Box 1518
            Number      Street

            Bellevue                    WA      98009
            City                        State   ZIP Code

Contact phone   425-468-7110           Email    linda.markle@paccar.com

Summary of Account - PACCAR Financial Corp.
In re: Alpha Wolf Leasing, LLC
Ch. 11 Case #25-24265 filed 8/22/2025
U.S. Bankruptcy Court for the Western District of Tennessee (Memphis)

| PACCAR | Acct xx 5685 |
|---|---|
| Collateral | **2025 Kenworth T680 (5)** |
| VIN | 1XKYD49X0SJ172206 |
| | 1XKYD49X2SJ172207 - totaled |
| | 1XKYD49X4SJ172208 |
| | 1XKYD49X6SJ172209 |
| | 1XKYD49X6SJ172212 |
| | |
| Principal Balance | 918,070.65 |
| Pre-Payment Penalty | 6,953.91 |
| Interest due | 30,363.85 |
| Late Charges | 3,916.48 |
| Fees Due for Loan Modification 1/28/2025 | 650.00 |
| Repo agent close fee | 500.00 |
| **Balance  8/22/2025** | **960,454.89** |
| | |
| Payments Made | 4 |
| Payments Remaining | 58 |
| | |
| **Monthly Pmt** | **19,582.34** |
| | |
| Delinquent Payments | 78,329.36 |
| Late Charges Due | 3,916.48 |
| Fees Due for Modification | 650.00 |
| Repo agent close fee | 500.00 |
| **Total Past Due 8/22/2025** | **83,395.84** |
| | |
| Due Date | 28th of month |
| **Due For** | 4/28, 5/28, 6/28, 7/28 |
| Dealer/Seller | Southland Truck Center LLC |
| | |
| **Contract Date** | **8/28/2024** |
| Contract Maturity | 11/28/2029 |
| | |
| Corporate & Personal Guarantors | Wolf River Express Inc, Spencer Harris, Robert Jackson |
| Insurance expires | 1/9/2026 |
| **Interest rate** | **8.39%** |
| Original Loan Balance | $950,372.15 |
| Per Diem | 211.030486 |
| ** Proof of Claim will be amended once insurance check received for totaled VIN 172207 | |

Docusign Envelope ID: D4A87426-8689-464B-AB96-015A33C0CEF7


# FINANCIAL

**SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT**

| SELLER | | BUYER | |
|--------|--|-------|--|
| NAME | Southland Truck Center, LLC | NAME | Alpha Wolf Leasing LLC |
| PLACE OF BUSINESS | 3068 Mill Branch Road Memphis, TN 38116 | STREET ADDRESS | 310 Mann Dr Piperton, TN 38017 |
| MAILING ADDRESS | 3068 Mill Branch Road Memphis, TN 38116 | MAILING ADDRESS | 310 Mann Dr Piperton, TN 38017 |

Seller hereby sells, and Buyer (meaning all undersigned buyers, jointly and severally) hereby purchases, subject to the terms set forth below and on any attachments hereto, the following described vehicle(s) (the "Vehicle(s)"), delivery and acceptance of which in good order Buyer hereby acknowledges.

Buyer hereby grants a security interest in the Vehicle(s) and any additional collateral (collectively the "Collateral"), and any Additions and Accessions thereto (as defined below), to Seller and its assigns to secure prompt payment of the indebtedness herein and performance of Buyer's other obligations, including any additional indebtedness incurred as provided by this Contract and any extensions and renewals of the obligations and future advances and is subject to paragraph 16 "Cross Collateral" and the other provisions below. The security interest extends to the proceeds of the Collateral and the proceeds of any insurance policy.

Buyer also acknowledges that Seller has offered to sell the Vehicle(s) for the cash price indicated, but that the Buyer has chosen to purchase on the terms and conditions of this Contract.

**DESCRIPTION OF VEHICLE(S) - COLLATERAL (for security purposes only)**

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | NEW/USED | PRICE OF VEHICLE |
|------|------|-------|-------------------------|----------|------------------|
| 2025 | Kenworth | T680 | 1XKYD49X0SJ172206 | New | $189,915.43 |
| 2025 | Kenworth | T680 | 1XKYD49X2SJ172207 | New | $189,915.43 |
| 2025 | Kenworth | T680 | 1XKYD49X4SJ172208 | New | $189,915.43 |
| 2025 | Kenworth | T680 | 1XKYD49X6SJ172209 | New | $189,915.43 |
| 2025 | Kenworth | T680 | 1XKYD49X6SJ172212 | New | $189,915.43 |
| | | | | Total: | $949,577.15 |

**DESCRIPTION OF TRADE-IN EQUIPMENT**

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | ALLOWANCE | PAYOFF | PAYOFF DUE TO |
|------|------|-------|-------------------------|-----------|--------|---------------|
| | | | Total: | $0.00 | $0.00 | |

Page 1 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                    PRINTED Aug-28-2024 2:32 PM PT



## PACCAR FINANCIAL

## SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

### ITEMIZATION OF AMOUNT FINANCED

|  |  |  |  |  |
|---|---|---|---|---|
|  | CASH PRICE | Cash Price | $949,577.15 |  |
|  |  | Sales Tax | $0.00 |  |
|  |  | FET | $0.00 |  |
| (a) |  | TOTAL CASH PRICE |  | $949,577.15 |
|  | DOWN PAYMENT | Net Trade-in | $0.00 |  |
|  |  | Cash | $0.00 |  |
| (b) |  | TOTAL DOWN PAYMENT |  | $0.00 |
| (c) | UNPAID CASH PRICE − (a minus b) |  |  | $949,577.15 |
|  | OTHER CHARGES |  |  |  |
|  |  | Document Preparation Fee | $495.00 |  |
|  |  | Title Fee | $0.00 |  |
|  |  | Other | $300.00 |  |
| (d) |  | TOTAL OTHER CHARGES |  | $795.00 |
| (e) | PRINCIPAL BALANCE (Basic Time Price) − (c plus d) |  |  | $950,372.15 |
| (f) | FINANCE CHARGE (Time Price Differential − See Section 17) (Estimated) |  |  | $224,568.25 |
| (g) | CONTRACT BALANCE (Time Balance − See Section 17) − (Estimated) (e plus f) |  |  | $1,174,940.40 |

### PAYMENT SCHEDULE

The Contract Balance (Item g) is payable to the Seller or his assignee based on the following schedule:

| First Installment | No. of Installments | Amount Each | Payment Frequency |
|---|---|---|---|
| 1. October 28, 2024 | 60 | $19,582.34 | Monthly |

### BUYER REPRESENTS AND WARRANTS

The Collateral is to be used for business and commercial purposes, and not for agricultural purposes or for personal, family or household use. The Collateral will be titled in the State of Tennessee.

Buyer's chief place of business is located at

|  |  |
|---|---|
| STREET | 310 Mann Dr |
| CITY | Piperton |
| COUNTY | Shelby |
| STATE | TN |
| ZIP CODE | 38017 |

Buyer will immediately notify Seller in writing of any change in the above address or location. This contract is entered into in the State of Tennessee and is governed by its laws.

### DELINQUENCY CHARGE

For each installment not paid when due, Buyer agrees to pay Seller a delinquency charge calculated thereon at the rate of 1½% per month for the period of delinquency or, at Seller's option, 5% of such installment, provided that such a delinquency charge is not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can legally collect.

Page 2 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                    PRINTED Aug-28-2024 2:32 PM PT



# PACCAR FINANCIAL

## SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

**1. CERTIFICATE OF TITLE - LIENS.**

Buyer agrees that any Certificate of Title for the Collateral will show Seller's security interest (lien) and will be delivered promptly to Seller. Seller has the right to hold the Certificate of Title until Buyer pays all indebtedness and performs all other obligations under this Contract. Buyer promises not to give any other party a lien or security interest in the Collateral without Seller's written consent. Buyer promises not to part with possession of, sell or lease the Collateral without Seller's written consent. Buyer hereby:

(a) agrees that from time to time, at the expense of the Buyer, Buyer will promptly execute and deliver all further instruments and documents, and take all further action that may be necessary or desirable, or that Seller may request, in order to perfect or protect any security interest granted or purported to be granted hereby or to enable Seller to exercise and enforce its rights and remedies hereunder with respect to any Collateral, and

(b) grants to Seller the power to sign Buyer's name and on behalf of Buyer to execute and file applications for title, transfers of title, financing statements, notices of lien and other documents pertaining to any or all of the Collateral.

**2. ASSIGNMENT.**

Seller has the right to assign this Contract to PACCAR Financial Corp. If Seller does assign it, PACCAR Financial Corp. will take all of the Seller's right, title and interest under this Contract (including Seller's interest in the Collateral). Thereafter, the term "Seller" in this contract shall mean PACCAR Financial Corp. This means, among other things, that Buyer will be required to make the payments under this Contract directly to PACCAR Financial Corp. Buyer agrees that if Seller assigns this Contract, and PACCAR Financial Corp. sues Buyer to collect any amount Buyer owes to PACCAR Financial Corp. or to enforce any of Buyer's other obligations to PACCAR Financial Corp., Buyer will not assert any claim or defense Buyer has against Seller as a claim, defense, or setoff against PACCAR Financial Corp.

**3. INSURANCE.**

Buyer agrees to keep the Collateral continuously insured against fire, theft, collision, and any other hazard Seller specifies by an insurance company Seller has approved. The amount of insurance shall be the full insurable value of the Collateral or the full amount of all obligations this Contract secures, whichever is greater. The insurance policy shall provide, in a form acceptable to Seller, for payment of any loss to Seller. Buyer shall deliver promptly to Seller certificates or, if requested, policies of insurance satisfactory to Seller, each with a loss-payable endorsement naming Seller or its assigns as loss- payee as their interests may appear. The insurance policy shall provide that it can be canceled only after written notice of intention to cancel has been delivered to Seller at least ten (10) days before the cancellation date. If the Collateral is lost or damaged, Seller shall have full power to collect any or all insurance proceeds and to apply them as Seller chooses either to satisfy any obligation secured by this Contract (whether or not due or otherwise matured), or to repair the Collateral. If Buyer obtains insurance from a company Seller has not approved, or fails to obtain any insurance, Seller may (but does not have to) obtain any insurance Seller desires to protect its interests. If Seller does so, Buyer shall reimburse Seller upon demand for its expenses.

Seller shall have no liability at all for any losses which occur because no insurance has been obtained or the coverage of the insurance which has been obtained is incomplete.

**4. TAXES.**

Buyer agrees to pay before delinquency all sales and other taxes, license fees and other governmental charges imposed on the Collateral or its sale or use.

**5. USE OF COLLATERAL.**

Buyer agrees to keep the Collateral in good repair; to prevent any waste, loss, damage, or destruction of or to the Collateral; to prevent any unlawful use of the Collateral; and not to make or allow to be made any significant change in the Collateral or in its chassis, body or special equipment, without Seller's written consent. Buyer assumes all risk of damage, loss or destruction of or to the Collateral, whether or not insured against. Seller may examine the Collateral wherever located at any time, and Buyer will inform Seller of the Collateral's location upon Seller's request.

**6. EXPENSES PAID BY SELLER.**

Buyer agrees to reimburse Seller upon demand for any expenses paid by Seller such as taxes, insurance premiums, repair bills, title fees, or in the event of a default, to the fullest extent permitted by law, the expense of retaking, holding, preparing for sale, selling and the like including, (i) the fees of any attorneys retained by Seller, and (ii) all other legal expenses incurred by Seller. Buyer's obligation to pay the expenses shall be secured by this Contract.

**7. TRADE-INS.**

If Buyer has traded in any property, Buyer represents and warrants that the description of it on the front of this Contract is accurate, that the title conveyed is good and its transfer rightful, and that the property is delivered free from any security interest or other lien or encumbrance.

**8. NO WARRANTY.**

If the Vehicle is new, there is no warranty other than that of the manufacturer. If the Vehicle is used, it is sold "AS IS" and "WITH ALL FAULTS."

**SELLER MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. UNLESS SET OUT IN WRITING AND SIGNED BY THE SELLER, THERE ARE NO OTHER WARRANTIES EXPRESS OR IMPLIED.**

**9. ADDITIONS TO COLLATERAL.**

Anything added to the Collateral, including but not limited to engines, transmissions, tires, wheels, fifth wheels, radios and electrical equipment, tanks and any other body or structure that becomes part of the Collateral, shall constitute "Additions and Accessions" and shall be subject to Seller's security interest. All Additions and Accessions must stay with the Collateral if it is repossessed or returned to Seller.

**10. DEFAULT.**

Time is of the essence in this Contract. The due dates for payments and the performance of the other obligations under this contract are among its most crucial provisions. Buyer shall be in default under this Contract upon the occurrence of any of the following:

---

Page 3 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                                    PRINTED Aug-28-2024 2:32 PM PT



**SECURITY AGREEMENT**
**RETAIL INSTALLMENT CONTRACT**

(a) Buyer fails to pay on or before the due date the full amount of any scheduled payment, taxes, insurance premium, or other obligation secured by this Contract or under any other instrument or agreement;

(b) Buyer fails to perform any of Buyer's obligations under this Contract;

(c) Any representation Buyer has made in this Contract or in any credit application or financial statement Buyer has given in connection with the credit secured by the Contract turns out to be false;

(d) Any check, note or other instrument given for a payment is dishonored when presented for payment;

(e) The Collateral is seized or levied upon under any legal or governmental process or proceeding against Buyer or the Collateral;

(f) Buyer's death or subject to insolvency proceedings as defined in the Uniform Commercial Code or becomes subject to bankruptcy;

(g) Buyer defaults in the payment or performance of any other agreement in connection with any other obligation owed to PACCAR Financial Corp. or for borrowed money;

(h) Any merger of the borrower with or into any person, or any sale, conveyance, transfer, lease or other disposition (whether in one transaction or a series of transactions) of all or substantially all of the buyer's assets without the prior approval of PACCAR Financial Corp.;

(i) Any change in the Chief Executive Officer and/or the Chief Financial Officer of the Buyer without prior notification to PACCAR Financial Corp.; or

(j) Seller reasonably deems the Collateral in danger of misuse, confiscation, damage, or destruction.

## 11. REMEDIES.

If Buyer defaults under this Contract, Seller may, at its option, with or without notice to Buyer:

(a) Declare this Contract to be in default;

(b) Declare the entire amount of the unpaid Time Balance, after deducting unearned Time Price Differential in accordance with the applicable state law, and other charges and indebtedness secured by this Contract immediately due and payable, without protest, presentment demand or notice (including but not limited to notice of intent to accelerate and notice of acceleration), all of which Buyer waives; and

(c) Exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws.

In addition to the foregoing and any other rights Seller has under the law in effect at the time of default, the following provisions shall apply:

(a) On Seller's demand, Buyer shall deliver possession of the Collateral to Seller at a place Seller designates reasonably convenient to both parties.

(b) Seller may enter any premises where the Collateral may be found and take possession of it without notice, demand, or legal proceedings, provided such entry is in compliance with law.

(c) Seller shall give Buyer at least ten (10) days written notice of any sale of the Collateral, which Buyer agrees to be reasonable notice. Notice shall be given at the address specified

in this Contract or other such address as Buyer may specify in writing to Seller. Notice shall be effective when deposited in the mails, postage prepaid, addressed as provided above.

(d) Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any disposition of the Collateral after default.

## 12. NO WRONGFUL POSSESSION.

Buyer agrees that if Seller repossesses the Collateral or otherwise obtains possession of it, Seller will not be in wrongful possession of any property contained in the Collateral or attached to it in which Seller does not have a security interest. Seller agrees to make any such property available for Buyer to take back at a place reasonably convenient to both parties.

## 13. VARIATIONS OF CONTRACT.

No provision of this Contract may be changed or amended unless by a written contract signed by Seller. Seller's acceptance of late payments does not mean that Seller is obligated to accept any late payments in the future. No waiver of any default shall operate as a waiver of any other default.

## 14. ENTIRE AGREEMENT – SEVERABILITY.

This Contract and the attached Exhibits and Addenda is the complete and exclusive statement of rights and duties between Seller and Buyer. If any provision is held unenforceable, it shall be deemed omitted without affecting the enforceability of the remaining provisions.

## 15. BAD CHECKS.

Whenever a check, draft or order given by or on behalf of Buyer for the purpose of payment of any obligation arising under this Contract has been dishonored for lack of funds or credit to pay the item, or because the account has been closed, or for any other reason, Seller or its assigns will assess and Buyer will promptly pay a $50 fee per dishonored item, or the maximum amount allowed by applicable law, if lower.

## 16. CROSS COLLATERAL.

Buyer grants to Seller and any assignee of Seller a security interest in the Collateral to secure the payment and performance of all obligations and liabilities of Buyer to Seller or to such assignee of Seller, now existing or hereafter arising, whether under this Contract or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of the Contract by Seller, the assignee shall be deemed, for the purpose of this paragraph, the only party with a security interest in the Collateral.

## 17. TIME PRICE DIFFERENTIAL.

The parties agree that during the term of the Contract, the effective daily Time Price Differential ("TPD") shall be based on an interest rate equal to <u>8.39</u>% percent per annum, accrued daily on the unpaid balance ("Buyer's Rate"). The TPD due each month shall be equal to the sum of the daily TPDs for the month. Based on the Buyer's Rate and assuming that all payments are timely made, the aggregate TPD will be <u>$224,568.25</u>. Early or late payments over the term of the Contract will cause the actual aggregate TPD, the Time Balance and the Total Time Sale Price to be different than disclosed. Any delay in payment could cause those amounts to be greater than disclosed, resulting in a larger

Page 4 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A FSCS 11/2016                                      PRINTED Aug-28-2024 2:32 PM PT

Docusign Envelope ID: D4A87436-86B9-461B-AB86-015A35CE2CAD



**SECURITY AGREEMENT**
**RETAIL INSTALLMENT CONTRACT**

final or "balloon" payment. Early payments could cause those amounts to be less than disclosed, resulting in a smaller final or "balloon" payment or reduced number of payments. In no event shall Buyer be required to pay interest in excess of the maximum rate allowed by law of the state having jurisdiction over the transaction. The intention of the parties is to conform strictly to applicable state usury laws, which may reduce the Buyer's Rate to the maximum amount allowed under such usury laws now or hereafter in effect.

### 18. FINANCIAL INFORMATION.

Buyer agrees to furnish Seller promptly with any financial statements or other information which Seller may reasonably request from time to time. Any and all financial statements will be prepared on a basis of generally accepted accounting principles, and will be complete and correct and fairly present Buyer's financial condition as of the date thereof. Seller may at any reasonable time examine the books and records of Buyer and make copies thereof.

### 19. CHATTEL PAPER.

This Contract is to be sold only to PACCAR Financial Corp. and is subject to the security interest of PACCAR Financial Corp. The only copy of this Contract which constitutes "chattel paper" under the Uniform Commercial Code is the copy which is delivered to and held by PACCAR Financial Corp. No assignee or secured party other than PACCAR Financial Corp. will under any circumstances acquire any rights in, under or to this Contract or any sums due hereunder, except that PACCAR Financial Corp. may, by a separate written assignment signed by PACCAR Financial Corp., assign its interest received hereunder.

### 20. PREPAYMENT.

Buyer shall have the right to prepay all or part of the principal indebtedness due under this Contract at any time. In consideration of such prepayment right, and as compensation to Seller for the loss of the benefit of its bargain, unless prohibited by applicable law, Buyer shall also pay to Seller a percentage of the amount of the principal indebtedness being prepaid equal to 1/12 of 1% (.00083) multiplied by the number of full months remaining in the term of the Contract, or the maximum rate allowed under applicable law, if lower.

### 21. MISCELLANEOUS.

(a) This Contract shall be binding, jointly and severally, upon all parties described as the "Buyer" and their respective heirs, executors, representatives, successors and assigns and shall inure to the benefit of Seller, its successors and assigns.

(b) This Contract and any other evidence of the indebtedness given in connection herewith may be assigned by Seller to a third party without notice to Buyer and Buyer hereby waives any defense, counterclaim or cross- complaint by Buyer against any assignee, agreeing that Seller shall be solely responsible therefor.

(c) Buyer acknowledges receipt of a true copy of this Contract, and waives acceptance hereof.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A photocopy or electronic signed copy of any such counterpart shall have the same force and effect as an original (ink) signature.

### 22. WAIVER OF JURY TRIAL.

Except as otherwise provided by applicable law Buyer and Seller each waive any right to have a jury participate in resolving any dispute, whether sounding in contract, tort, or otherwise, between Buyer and Seller arising out of, connected with, related to or incidental to the relationship established between them in connection with this Contract or other instrument, document or agreement executed or delivered in connection therewith or the transactions related thereto. Buyer and Seller each hereby agree and consent that any such claim, demand, action or cause of action shall be decided by court trial without a jury and that either may file an original counterpart or a copy of this Contract with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.

---

Page 5 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                    PRINTED Aug-28-2024 2:32 PM PT



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

### NOTICE - SEE ALL PAGES FOR IMPORTANT TERMS WHICH ARE PART OF THIS CONTRACT.

**WARNING: LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS NOT INCLUDED UNDER THIS CONTRACT.**

### NOTICE TO BUYER

1. DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT OR IF IT CONTAINS ANY BLANK SPACES.

2. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.

3. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE (TIME PRICE DIFFERENTIAL).

4. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES THAT A TRUE COPY OF THIS CONTRACT HAS BEEN RECEIVED, READ, AND WAS COMPLETELY FILLED IN BEFORE BEING SIGNED.

SELLER: Southland Truck Center, LLC

BY: *Laura Myatt*
—FF918B71F5A449B...

BUYER: Alpha Wolf Leasing LLC

BY: *[signature]*
—F5363662E66B4F5...

Laura Myatt, Regional Controller
DATE:      August 28, 2024

Spencer Harris, CEO
DATE:      August 28, 2024

Page 6 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                                    PRINTED Aug-28-2024 2:32 PM PT

Docusign Envelope ID: D4A87435-96B9-461B-AB86-615A335D9595



# SECURITY AGREEMENT
# RETAIL INSTALLMENT CONTRACT

DATE:   August 28, 2024

TO:   PACCAR Financial Corp.

Check <u>one</u> of the following:

[X]   Yes, I want to access PACCAR Financial Online Services to make payments online.
(You will receive an email welcome letter with instructions on how to sign up.)

Email Address: ████████████████████

[ ]   I am an existing PACCAR Financial Online Services customer, currently making payments online.

Email Address: _____

BUYER: Alpha Wolf Leasing LLC

BY:

—F53E3662E66B4F5...

_____
Spencer Harris, CEO
DATE:   August 28, 2024

To register to make your payments online and to view our latest product offerings, please visit www.paccarfinancial.com,

**PACCAR Financial Corp.**
**(800) 777-8525**
**www.paccarfinancial.com**

Page 7 of Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1258A  FSCS 11/2016                                        PRINTED Aug-28-2024 2:32 PM PT



# PACCAR
## FINANCIAL

## SECURITY AGREEMENT GUARANTY

Reference is made to the Security Agreement-Retail Contract ("Contract") dated August 28, 2024 between **Southland Truck Center, LLC,** ("Seller") and **Alpha Wolf Leasing LLC** ("Buyer").

For valuable consideration, the receipt of which is hereby acknowledged, and to induce Seller to enter into the Contract, Guarantor (meaning all undersigned Guarantors, if more than one, jointly and severally) hereby unconditionally guarantees to Seller and its assigns, regardless of the enforceability of the Contract, or any other circumstances which might affect the liability of Guarantor that (i) all Buyer's indebtedness under the Contract ("Debt"), including without limitation each installment thereof, will be paid in full when due, whether at stated maturity or maturity by acceleration or otherwise, in accordance with the terms of the Contract, and (ii) in case of any extension of time of payment or renewal of any of the Debt, it will be paid in full when due in accordance with the terms of such extension or renewal, whether at stated maturity or maturity by acceleration or otherwise. Failing payment when due of any amount so guaranteed for whatever reason, Guarantor will be obligated to pay such amount immediately, regardless of whether Seller has proceeded against Buyer or the Collateral (as defined in the Contract). Guarantor hereby waives notice of and consents to any extensions of the time of payment, renewals, releases of Collateral, or other indulgence from time to time granted to Buyer in respect of any or all of the Debt. Guarantor hereby waives demand of payment, presentation, protest, notice of sale or other disposition or release or other handling of the Collateral, and all other notices and demands whatsoever respecting the Debt or the Collateral. This Guaranty shall bind the Guarantor and the estate of Guarantor. This Guaranty shall be automatically reinstated if for any reason any payment in respect of Debt shall be rescinded or must otherwise be restored, whether as a result of proceedings in bankruptcy or otherwise. Any of the undersigned Guarantors, if more than one, and any other party liable in respect of the Debt may be released without affecting the liability of any undersigned Guarantor or Guarantors not released. Guarantor authorizes Seller to request and receive information about Guarantor from credit reporting agencies. Seller may assign this guaranty to PACCAR Financial Corp., and if it does, PACCAR Financial Corp. shall have the same rights and remedies as if originally named here in place of Seller. Guarantor hereby waives notice of acceptance of this guaranty. Guarantor hereby irrevocably waives and renounces any right or claim Guarantor would otherwise have against Buyer, whether by way of indemnification, subrogation, exoneration, right of reimbursement, contribution or otherwise, as a consequence of Guarantor making any payment under this Guarantee.

Dated this 28th day of August, 2024.

| CORPORATE GUARANTOR | ADDRESS | PHONE |
|---|---|---|
| Wolf River Express Inc<br><br>DocuSigned by:<br>*[signature]*<br>F5363662E66B4F5...<br><br>SPENCER HARRIS, OWNER | 310 Mann Drive<br>Piperton, TN 38017 | ████████ |

## CERTIFICATE

I, the undersigned, hereby certify that I am the duly elected, qualified, and acting Secretary or otherwise the authorized keeper of the company records and seal of Wolf River Express Inc (the "Company"), a corporation or limited liability company organized and in good standing under the laws of and further certify as follows:

(1) That the following is a true and complete copy of certain resolutions duly adopted at a meeting of the Board of Directors or Members or other governing body, as applicable, of the Company held on or before August 28, 2024, at which a quorum was present and voting throughout, which resolutions remain in full force and effect without modification and do not contravene or conflict with the charter documents (e.g., By-laws, Articles of Incorporation, or equivalent documents) or any contractual undertaking of the Corporation:

"RESOLVED, that the Guaranty by this company of the obligations of Alpha Wolf Leasing LLC to PACCAR Financial Corp. and its successors and assigns under a retail installment contract executed or to be executed between the aforementioned parties and any assignment thereof be, and it hereby is, authorized or ratified, as the case may be; and be it

"FURTHER RESOLVED, that the authority of SPENCER HARRIS the OWNER of this company, to execute and deliver any instrument evidencing the aforementioned Guaranty be, and it hereby is, conferred or ratified, as the case may be."

(2) That the person whose name appears above is the duly elected or appointed officer or employee of the Company holding the office or title indicated.

As signed on behalf of the Company as of this 28th day of August, 2024.

DocuSigned by:
*[signature]*
F5363662E66B4F5...

_____
Secretary

CAT. NO. 3654Ab  FSCS 06/2016             Page 1 of 1                     PRINTED Aug-28-2024 2:32 PM PT

Docusign Envelope ID: D4A87426-86B0-461B-AB86-015A32BD0E53



# PACCAR
# FINANCIAL

## SECURITY AGREEMENT GUARANTY

Reference is made to the Security Agreement-Retail Contract ("Contract") dated August 28, 2024 between **Southland Truck Center, LLC,** ("Seller") and **Alpha Wolf Leasing LLC** ("Buyer").

For valuable consideration, the receipt of which is hereby acknowledged, and to induce Seller to enter into the Contract, Guarantor (meaning all undersigned Guarantors, if more than one, jointly and severally) hereby unconditionally guarantees to Seller and its assigns, regardless of the enforceability of the Contract, or any other circumstances which might affect the liability of Guarantor that (i) all Buyer's indebtedness under the Contract ("Debt"), including without limitation each installment thereof, will be paid in full when due, whether at stated maturity or maturity by acceleration or otherwise, in accordance with the terms of the Contract, and (ii) in case of any extension of time of payment or renewal of any of the Debt, it will be paid in full when due in accordance with the terms of such extension or renewal, whether at stated maturity or maturity by acceleration or otherwise. Failing payment when due of any amount so guaranteed for whatever reason, Guarantor will be obligated to pay such amount immediately, regardless of whether Seller has proceeded against Buyer or the Collateral (as defined in the Contract). Guarantor hereby waives notice of and consents to any extensions of the time of payment, renewals, releases of Collateral, or other indulgence from time to time granted to Buyer in respect of any or all of the Debt. Guarantor hereby waives demand of payment, presentation, protest, notice of sale or other disposition or release or other handling of the Collateral, and all other notices and demands whatsoever respecting the Debt or the Collateral. This Guaranty shall bind the Guarantor and the estate of Guarantor. This Guaranty shall be automatically reinstated if for any reason any payment in respect of Debt shall be rescinded or must otherwise be restored, whether as a result of proceedings in bankruptcy or otherwise. Any of the undersigned Guarantors, if more than one, and any other party liable in respect of the Debt may be released without affecting the liability of any undersigned Guarantor or Guarantors not released. Guarantor authorizes Seller to request and receive information about Guarantor from credit reporting agencies. Seller may assign this guaranty to PACCAR Financial Corp., and if it does, PACCAR Financial Corp. shall have the same rights and remedies as if originally named here in place of Seller. Guarantor hereby waives notice of acceptance of this guaranty. Guarantor hereby irrevocably waives and renounces any right or claim Guarantor would otherwise have against Buyer, whether by way of indemnification, subrogation, exoneration, right of reimbursement, contribution or otherwise, as a consequence of Guarantor making any payment under this Guarantee.

Dated this 28th day of August, 2024.

| INDIVIDUAL GUARANTOR | ADDRESS | PHONE |
|---|---|---|
| DocuSigned by:<br><br>F5363662E66B4F5...<br><br>Spencer Harris | 9242 Forest Estates Cove<br>Germantown, TN 38139 | ███████ |

Docusign Envelope ID: C7F2DB52-23FB-44C7-A384-89600753B83B



**GUARANTY**

Reference is made to that certain Security Agreement Retail Installment Contract ("Contract") dated August 28, 2024 by and between Southland Truck Center, LLC ("Seller") and Alpha Wolf Leasing, LLC ("Buyer").

For valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce Seller to enter into the Contract and/or extend additional financing under the Contract, Guarantor (meaning all undersigned Guarantors, if more than one, jointly and severally) hereby unconditionally and irrevocably guarantees to Seller and its assigns, that (i) all Robert Jackson's indebtedness and other obligations under the Contract (collectively, the "Debt"), including without limitation each installment thereof, will be paid in full when due, whether at stated maturity or maturity by acceleration or otherwise, in accordance with the terms of the Contract, and (ii) in case of any extension of time of payment or renewal of any of the Debt, it will be paid in full when due in accordance with the terms of such extension or renewal, whether at stated maturity or maturity by acceleration or otherwise. If any of the Debt is not paid in full when due for whatever reason, including without limitation due to Buyer's bankruptcy, insolvency or receivership or a discharge or release of the Debt in a bankruptcy or other judicial proceeding, Guarantor will pay such amount immediately, regardless of whether Seller has proceeded against Buyer or the Collateral (as defined in the Contract). Guarantor hereby waives notice of and consents to any extensions of the time of payment, renewals, releases of Collateral, or other accommodation in respect of any or all of the Debt. Guarantor hereby waives demand of payment, presentation, protest, notice of sale or other disposition or release or other handling of the Collateral, and all other notices and demands whatsoever respecting the Debt or the Collateral. This Guaranty shall bind the Guarantor and the Guarantor's heirs, executors, successors, and assigns. This Guaranty shall be automatically reinstated if for any reason any payment of the Debt shall be rescinded or must otherwise be restored, whether as a result of proceedings in bankruptcy or otherwise. Any of the undersigned Guarantors, if more than one, and any other party liable in respect of the Debt may be released without affecting the liability of any other Guarantor that is not released. Guarantor authorizes Seller to request and receive information about Guarantor from credit reporting agencies. [Seller may assign this Guaranty to PACCAR Financial Corp., and if it does, PACCAR Financial Corp. shall have the same rights and remedies as if originally named here in place of Seller]. Guarantor hereby waives notice of acceptance of this Guaranty. Guarantor hereby irrevocably waives and renounces any right or claim Guarantor would otherwise have against Buyer, whether by way of indemnification, subrogation, exoneration, right of reimbursement, contribution or otherwise, relating to any payment made under this Guaranty.

Guarantor represents and warrants that: (a) no representations or agreements of any kind have been made to Guarantor which would limit or qualify the terms of this Guaranty; (b) the provisions of this Guaranty do not conflict with or result in a default under any agreement or other instrument binding upon Guarantor and do not result in a violation of any law, regulation, court decree or order applicable to Guarantor; (c) Guarantor will not, without the prior written consent of [Seller/Secured Party], sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein; and (d) if Guarantor has delivered to [Seller/Lessor/Secured Party] financial statements of Guarantor, such financial statements were true and correct as of the date prepared and there has been no material adverse change in the financial condition of Guarantor since the date of such financial statements. If Guarantor is an individual, Guarantor further represents and warrants that Guarantor has full power, right and authority to execute, deliver and perform its obligations under this Guaranty. Any married person who signs this Guaranty expressly agrees that recourse may be had against such person's separate property for all obligations under this Guaranty. If Guarantor is a corporation, limited liability company, partnership or other form of legal entity, Guarantor further represents and warrants that (a) it has full power, right and authority to execute, deliver and perform its obligations under this Guaranty pursuant to resolutions or other authorizations that have been duly adopted or approved by the governing/managing body, person or entity of Guarantor, which authorization remains in full force and effect without modification and does not contravene or conflict with the charter/organizational documents, and (b) it is not necessary for [Seller/Lessor/Secured Party] to inquire into the power of the officers, directors, members, partners or other agents signing this Guaranty and acting (or purporting to act) on Guarantor's behalf. If Guarantor is trust entity, then each undersigned trustee represents and warrants that it has full power, right and authority to execute, deliver and perform its obligations under this Guaranty on behalf of the trust.

Dated this 7th day of February, 2024.

| GUARANTOR | ADDRESS | PHONE |
|---|---|---|
| Robert Jackson<br>Robert Jackson | 5861 Collier Bridge Lane<br>Hoschton, GA 30548 | (706) 213-1998 |

V.AF 01/2023

Docusign Envelope ID: D4A87426-86D0-461B-AB86-0151339BB4B9



**SELLER'S ASSIGNMENT**

### SELLER'S ASSIGNMENT

FOR VALUE RECEIVED, Seller identified on the face of this Security Agreement — Retail Installment Contract (the "Contract") hereby sells, transfers, and assigns to PACCAR Financial Corp., its successors and assigns (collectively "Assignee") all of Seller's right, title and interest under, in and to the Contract (including Collateral therein described), guaranties of Buyer's obligations, and insurance policies and proceeds thereunder. This Assignment is subject to acceptance by Assignee at its offices, as indicated, and is further subject to the provisions of any underlying agreement between Seller and Assignee respecting acquisition of installment paper (the "Limited Liability Agreement").

In any event, if any of the following representations or warranties is untrue, Seller unconditionally agrees to repurchase from Assignee, upon demand, the Contract, and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and attorney's fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. In addition, Seller agrees to indemnify Assignee for any loss or expense sustained by reason of any claim or defense Buyer may have against Seller.

Seller represents and warrants to Assignee that:

(1) The property or services described in the Contract are accurately described therein, have been delivered to and accepted by Buyer under a bona fide deferred payment transaction as indicated in the Contract, and that all obligations of Seller to Buyer respecting sale and delivery of property or services have been fully performed;

(2) The full amount of any down payment described in the Contract has been received, and that the Time Balance is absolutely owing and payment thereof is not subject to any Buyer defense, counterclaim, setoff or deduction known to Seller;

(3) Seller has no reason to believe that any statement, representation or warranty of the Buyer or any guarantor, whether made in the Contract or in connection with Seller's extension of credit, is incorrect in any material respect, nor has Seller any knowledge of any facts impairing the validity of the Contract or diminishing its value;

(4) Insurance in such amounts and of such coverage as is required by the Contract is effective in respect of property described in the Contract, and that Assignee's lienholder interest is fully protected by such insurance;

(5) The Contract is the entire agreement of Seller and the Buyer thereunder, has been acquired in the regular course of Seller's business, and that it and any guaranty thereof each is valid and genuine in all respects and is legally enforceable against all entities and all persons by whom it purports to have been executed; and that Seller has good and valid title thereto and full right and authority to sell the Contract and the security interest created thereby to Assignee hereunder;

(6) The security interest granted in the Contract constitutes a first priority security interest upon the property described therein; that such security interest and this Assignment thereof to Assignee have been duly perfected as required by applicable law (except insofar as issuance of any Certificate of Title with Assignee's lien notation thereon is presently pending. Seller representing and warranting that due application has been made therefor); and that the Contract and property therein described are free of all other liens or encumbrances;

(7) The Contract has been validly transferred to Assignee, that no part of the indebtedness represented thereby is past due, and that no default exists on the part of the obligor thereunder; and that all legal requirements of any jurisdiction applicable to the transaction from which the Contract originated, and applicable to the Contract and the Assignment, have been satisfied.

Page 1 of Seller's Assignment for Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206

CAT. NO. 1033  FSCS 12/2015                                                                PRINTED Aug-28-2024 2:32 PM PT

Docusign Envelope ID: D4A87426-86B0-461B-A866-015A315DDE39



**PACCAR FINANCIAL**

## SELLER'S ASSIGNMENT

In addition to any liability of Seller under the foregoing Assignment, Seller shall have the following liability to Assignee under the Limited Liability Agreement:

X     Non-Recourse

___     Limited Liability -- Percentage of Contract Payoff ____%

___     Limited Liability, Other

___     Full Recourse: If Buyer fails to pay any payment on the Contract when due, or if Buyer is otherwise in default under the terms of the Contract, or if Buyer or Seller becomes insolvent or makes assignment for the benefit of creditors, or if a petition for a receiver or in bankruptcy is filed by or against Buyer or Seller, then in any of such events Seller will, without requiring Assignee to proceed against Buyer or any other person or any security, repurchase the Contract on demand and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and reasonable attorney's fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. Seller waives all rights arising under the Limited Liability Agreement relating to any failure on the part of Assignee to obtain possession within 180 days.

<table>
<tr><td>

ASSIGNMENT: The foregoing contract is hereby assigned under the terms of the "Seller's Assignment" above.

**Southland Truck Center, LLC**
SELLER

BY:
*DocuSigned by:*
*Laura Myatt*
FF916B71F5A449B...

Laura Myatt, Regional Controller

</td><td>

ACCEPTANCE: The foregoing assignment is hereby accepted.

**PACCAR Financial Corp.**
2180 Satellite Boulevard, Suite 200
Duluth, GA 30097

BY:
*DocuSigned by:*
*Mihaela Cviruhan*
4E12848BDD464BB...

SR. CA

DATE:  8/30/2024

</td></tr>
</table>

Page 2 of Seller's Assignment for Security Agreement dated on or about August 28, 2024 between Alpha Wolf Leasing LLC (Buyer) and Southland Truck Center, LLC (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYD49X0SJ172206.

CAT. NO. 1033  FSCS 12/2015                          PRINTED Aug-28-2024 2:32 PM PT

Docusign Envelope ID: D4A87426-86B0-461B-AB86-015A3250956D



# MEMBER RESOLUTION AUTHORIZATION
## TO INCUR INDEBTEDNESS AND PLEDGE ASSETS

EXTRACT FROM ☒ MINUTES OF MEETING or ☐ UNANIMOUS WRITTEN CONSENT (*check one*)

OF THE MEMBERS OF: Alpha Wolf Leasing LLC

RESOLVED, that the members(s), manager(s), officer(s) and authorized agent(s) of this Limited Liability Company be and each hereby is authorized and directed:

(1)      To incur indebtedness on behalf of this Limited Liability Company by leasing from or making other financing or credit arrangements with PACCAR Financial Corp. for such period of time and upon such terms and conditions and at such rates and charges as may to them in their discretion seem advisable; and

(2)      To grant a security interest in, mortgage, pledge and otherwise encumber all or any part of the assets of this Limited Liability Company that are financed or leased by PACCAR Financial Corp. as collateral for such indebtedness; and

(3)      To take all such action and to execute in the name and on behalf of this Limited Liability Company, under its seal or otherwise, and deliver all such instruments and documents and to pay all such expenses as in their judgment shall be advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing; and

RESOLVED, that any and all actions heretofore taken by the members(s), manager(s),officer(s) and authorized agent(s) of this Limited Liability Company in connection with any prior loans or financing or credit arrangements with PACCAR Financial Corp. or taken to accomplish the purpose and intent of the foregoing resolution be and hereby are in all respects approved, ratified and confirmed; and

RESOLVED, that the authority conferred upon the member(s), managers(s), officer(s) and authorized agent(s) of this Limited Liability Company by the foregoing resolution shall continue in force and effect until 30 days after written notice of revocation is delivered to PACCAR Financial Corp. at its principal office at: 777 - 106th Avenue NE, Bellevue, WA 98004 by registered mail.

I, Spencer Harris , Secretary/Manager of Alpha Wolf Leasing LLC do hereby certify that the foregoing is a true and correct copy of resolutions adopted either (a) at a meeting of the member(s) of said Limited Liability Company, which meeting was called after due notice was given or waived, and at which meeting a quorum was present, or (b) by unanimous written consent of the member(s) and that in either case such resolutions remain in full force and effect.

I also certify that Spencer Harris is on this date the member/manager and authorized agent of said Limited Liability Company.

Executed as of August 28, 2024.

DocuSigned by:

—F5363662E66B4F5...

_____
Secretary/Manager

CAT. NO. 1024  FSCS 2/2018                     Page 1 of 1                     PRINTED Aug-28-2024 2:32 PM PT

Case 25-24265   Claim 3 Part 2   Filed 09/02   Desc Exhibit   Page 15 of 20

VEHICLE IDENTIFICATION NUMBER    YEAR    MAKE    MODEL    BODY TYPE    TITLE NUMBER
1XKYD49X0SJ172206                2025     KW      T68      DS           19602969455

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE                                    0
PACCAR FINANCIAL CORP
 PO BOX 292100
LEWISVILLE    TX 75029
FIRST LIEN RELEASED BY

_____      _____
SIGNATURE                    RELEASE DATE

PACCAR FINANCIAL CORP
 PO BOX 292100
LEWISVILLE TX 75029



SJ17220619602969455

**STATE OF TENNESSEE
DEPARTMENT OF REVENUE**

0000565

## STATE OF TENNESSEE

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE DOCUMENT, BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

### CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY TYPE | TITLE NUMBER |
|---|---|---|---|---|---|
| 1XKYD49X0SJ172206 | 2025 | KW | T68 | DS | 19602969455 |

| NEW | USED | DEMO | PREVIOUS TITLE NO | PREV STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|---|---|
| X | | | MSO | TN | | 24 | 0 |

DATE TITLE ISSUED      09-24-2024      REMARKS NO BRAND
DATE VEHICLE ACQUIRED  08-28-2024

ALPHA WOLF LEASING LLC
 310 MANN DR
PIPERTON TN 38017

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED
UNDER TENNESSEE CODE ANNOTATED, 55-3-101, TITLE TO THE MOTOR
VEHICLE DESCRIBED ABOVE IS VESTED IN THE OWNER'S NAME HEREIN.
THIS OFFICIAL CERTIFICATION OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE.

FIRST LIEN RELEASED BY

_____      _____
SIGNATURE                    RELEASE DATE
DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE
PACCAR FINANCIAL CORP                                    0
 PO BOX 292100
LEWISVILLE    TX 75029



1XKYD49X0SJ172206



19602969455

44108245

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK

F-F1318101 REV 12/14

## STATE OF TENNESSEE

VEHICLE IDENTIFICATION NUMBER   YEAR   MAKE   MODEL   BODY TYPE   TITLE NUMBER
1XKYD49X2SJ172207        2025   KW   T68       DS        19602969457

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE                 0
PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE      TX 75029
FIRST LIEN RELEASED BY

_____          _____
SIGNATURE                     RELEASE DATE

PACCAR FINANCIAL CORP
PO BOX 292100
LEWISVILLE TX 75029



SJ17220719602969457

STATE OF TENNESSEE
DEPARTMENT OF REVENUE

0000567

# STATE OF TENNESSEE
VERIFY THE AUTHENTICITY OF THIS MULTI-TONE DOCUMENT. BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY TYPE | TITLE NUMBER |
|---|---|---|---|---|---|
| 1XKYD49X2SJ172207 | 2025 | KW | T68 | DS | 19602969457 |

| NEW USED DEMO | PREVIOUS TITLE NO | PREV STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|
| X | MSO | TN | | 24 | 0 |

DATE TITLE ISSUED        09-24-2024      REMARKS NO BRAND
DATE VEHICLE ACQUIRED    08-28-2024

ALPHA WOLF LEASING LLC
310 MANN DR
PIPERTON TN 38017

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED
UNDER TENNESSEE CODE ANNOTATED, 55-3-101, TITLE TO THE MOTOR
VEHICLE DESCRIBED ABOVE IS VESTED IN THE OWNER'S NAME HEREIN.
THIS OFFICIAL CERTIFICATION OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE.

FIRST LIEN RELEASED BY

_____          _____
SIGNATURE                     RELEASE DATE
DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE                 0
PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE      TX 75029



1XKYD49X2SJ172207





19602969457

44108247

44108247

DEPARTMENT OF TENNESSEE

AGRICULTURE

RV F1318101 REV 12/14

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK.
## STATE OF TENNESSEE



VEHICLE IDENTIFICATION NUMBER
1XKYD49X4SJ172208        2025   KW   T68   DS        19602971182

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE                        0
PACCAR FINANCIAL CORP
   PO BOX 292100
LEWSVILLE        TX 75029
FIRST LIEN RELEASED BY

_____        _____
SIGNATURE                        RELEASE DATE

PACCAR FINANCIAL CORP
   PO BOX 292100
LEWSVILLE TX 75029



SJ1722081960297118‍2

**STATE OF TENNESSEE**
**DEPARTMENT OF REVENUE**

0000412

## STATE OF TENNESSEE
VERIFY THE AUTHENTICITY OF THIS MULTI-TONE DOCUMENT. BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

### CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY TYPE | TITLE NUMBER |
|---|---|---|---|---|---|
| 1XKYD49X4SJ172208 | 2025 | KW | T68 | DS | 19602971182 |

| NEW USED DEMO | PREVIOUS TITLE NO | PREV STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|
| X | MSO | TN | | 24 | 0 |

DATE TITLE ISSUED        09-27-2024        REMARKS **NO BRAND**
DATE VEHICLE ACQUIRED    08-28-2024

**ALPHA WOLF LEASING LLC**
**310 MANN DR**
**PIPERTON TN 38017**

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED
UNDER TENNESSEE CODE ANNOTATED, 55-3-101, TITLE TO THE MOTOR
VEHICLE DESCRIBED ABOVE IS VESTED IN THE OWNER'S NAME HEREIN.
THIS OFFICIAL CERTIFICATION OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE.

FIRST LIEN RELEASED BY

_____        _____
SIGNATURE                        RELEASE DATE

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE
PACCAR FINANCIAL CORP                        0
   PO BOX 292100
LEWSVILLE        TX 75029



1XKYD49X4SJ172208



19602971182

44110253



4 4 1 1 0 2 5 3



RV-F1316101 REV 12/14

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK.

## STATE OF TENNESSEE



VEHICLE IDENTIFICATION NUMBER     YEAR     MAKE     MODEL     BODY TYPE     TITLE NUMBER
1XKYD49X6SJ172209                 2025     KW       T68       DS           19602971603

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE                                0
PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE    TX 75029
FIRST LIEN RELEASED BY

_____        _____
SIGNATURE                     RELEASE DATE


PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE TX 75029


SJ17220919602971603

**STATE OF TENNESSEE**
**DEPARTMENT OF REVENUE**                         0000187

# STATE OF TENNESSEE
VERIFY THE AUTHENTICITY OF THIS MULTITONE DOCUMENT. BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY TYPE | TITLE NUMBER |
|---|---|---|---|---|---|
| 1XKYD49X6SJ172209 | 2025 | KW | T68 | DS | 19602971603 |

| NEW | USED | DEMO | PREVIOUS TITLE NO | PREV STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|---|---|
| X | | | MSO | TN | | 24 | 0 |

DATE TITLE ISSUED        09-30-2024      REMARKS NO BRAND
DATE VEHICLE ACQUIRED    08-28-2024

ALPHA WOLF LEASING LLC
  310 MANN DR
PIPERTON TN 38017


SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED
UNDER TENNESSEE CODE ANNOTATED, 55-3-101, TITLE TO THE MOTOR
VEHICLE DESCRIBED ABOVE IS VESTED IN THE OWNER'S NAME HEREIN.
THIS OFFICIAL CERTIFICATION OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE.

FIRST LIEN RELEASED BY

_____        _____
SIGNATURE                    RELEASE DATE

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE
PACCAR FINANCIAL CORP                           0
  PO BOX 292100
LEWISVILLE    TX 75029



1XKYD49X6SJ172209





19602971603

44110708                4 4 1 1 0 7 0 8

RV F1316101 REV 12/14
THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK

## STATE OF TENNESSEE

VEHICLE IDENTIFICATION NUMBER    YEAR   MAKE   MODEL   BODY TYPE   TITLE NUMBER

1XKYD49X6SJ172212    2025   KW   T68   DS   19602971609

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE    0
PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE   TX 75029
FIRST LIEN RELEASED BY

_____   _____
SIGNATURE      RELEASE DATE

PACCAR FINANCIAL CORP
  PO BOX 292100
LEWISVILLE TX 75029

STATE OF TENNESSEE
DEPARTMENT OF REVENUE

0000192



# STATE OF TENNESSEE

VERIFY THE AUTHENTICITY OF THIS MULTITONE DOCUMENT. BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY TYPE | TITLE NUMBER |
|---|---|---|---|---|---|
| 1XKYD49X6SJ172212 | 2025 | KW | T68 | DS | 19602971609 |

| NEW USED DEMO | PREVIOUS TITLE NO | PREV STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|
| X | MSO | TN | | 24 | 0 |

DATE TITLE ISSUED    09-30-2024     REMARKS NO BRAND
DATE VEHICLE ACQUIRED    08-28-2024

ALPHA WOLF LEASING LLC
310 MANN DR
PIPERTON TN 38017

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED
UNDER TENNESSEE CODE ANNOTATED, 55-3-101, TITLE TO THE MOTOR
VEHICLE DESCRIBED ABOVE IS VESTED IN THE OWNER'S NAME HEREIN.
THIS OFFICIAL CERTIFICATION OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE.

FIRST LIEN RELEASED BY

_____   _____
SIGNATURE      RELEASE DATE

DATE OF FIRST SECURITY INTEREST 08-28-2024
FIRST LIENHOLDER CODE
PACCAR FINANCIAL CORP    0
  PO BOX 292100
LEWISVILLE    TX 75029



1XKYD49X6SJ172212





19602971609

44110713

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK

RV-F1316101 REV 12/14

STATE OF TENNESSEE

DEPARTMENT OF REVENUE

TENNESSEE

AGRICULTURE

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE (MEMPHIS)

| | | |
|---|---|---|
| In re: | &#124; | |
| | &#124; | |
| **Alpha Wolf Leasing, LLC,** | &#124; | **Case No. 25-24265** |
| | &#124; | |
| **Debtor.** | &#124; | **Chapter 11** |

### PROOF OF SERVICE

I, Linda Markle, an adult individual, hereby declare that I am a Bankruptcy Specialist at PACCAR Financial Corp., 777 106th Ave NE, Bellevue, WA, 98004, with a mailing address of P.O. Box 1518, Bellevue, WA, 98009-1518.

On September 2, 2025, I served a true and correct copy of PACCAR's Proof of Claim filed in the above-captioned matter to the following interested parties via first-class U.S. Mail, adequate postage attached, addressed as follows:

> **Alpha Wolf Leasing, LLC**
> 310 Mann Drive
> Collierville, TN 38017
> *Debtor – Via USPS, adequate postage attached*
>
> **Steven N. Douglass, Esq.**
> Harris Shelton Hanover & Walsh, PLLC
> 40 S. Main Street, Suite 2210
> Memphis, TN 38103
> *Debtor's Attorney-via ECF*
>
> **U.S. Trustee** – via ECF
> jamaal.walker@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 2, 2025, at Bellevue, Washington.

PACCAR Financial Corp.

By:  /s/ Linda Markle
Linda Markle, Bankruptcy Specialist
P.O. Box 1518
Bellevue, WA 98009-1518
Tel. (425) 468-7110
linda.markle@paccar.com